UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WILLIAM KENNETH WILSON,
          *Defendant-Appellant.*

No. 02-4001

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-01-253-S)

Submitted: August 29, 2002

Decided: October 7, 2002

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GIL-
DEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, John F. Purcell, Jr.,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Kenneth Wilson appeals from his conviction for conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000). Wilson pled guilty and reserved the right to appeal the order denying his motion to suppress evidence derived from the two wiretaps that were authorized in the course of the underlying investigation. Finding no error, we affirm.

Wilson contends that the district court erred in admitting evidence obtained through the use of wiretaps and other means of electronic surveillance because the Government failed to establish that it had exhausted ordinary investigation techniques before requesting authorization for electronic surveillance.

Prior to granting an intercept order, the authorizing judge must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c) (2000). The burden that the statutory provisions "impose upon the government to show the inadequacy of normal investigative techniques is not great, and the adequacy of such a showing is to be tested in a practical and common sense fashion . . . that does not hamper unduly the investigative powers of law enforcement agents." *United States v. Smith*, 31 F.3d 1294, 1297 (4th Cir. 1994). The government must base its need on real facts and specifically describe how it has encountered difficulties in penetrating the criminal enterprise or gathering evidence with normal techniques, so that a wiretap authorization is required. *Id.* at 1298.

Authorization for a wiretap is permissible even if there exists sufficient evidence to arrest and prosecute the main conspirators. Findings of necessity are upheld "where traditional investigative techniques lead only to apprehension and prosecution of suppliers, major buyers or other satellite conspirators." *United States v. Torres*, 908 F.2d 1417, 1422 (9th Cir. 1990). We have held that even where there was probable cause to arrest four of the principals named in the wiretap orders, the government was not precluded from carrying the investi-

gation further. *United States v. Clerkley*, 556 F.2d 709, 714 (4th Cir. 1977).

We conclude that the district court did not exceed the bounds of deference accorded it in making a wiretap application determination. While some participants had been identified, not all customers and suppliers had been identified or sufficient evidence collected prior to the wiretaps. In fact, Wilson himself had not been identified prior to the second wiretap. Further, the Government made specific statements regarding the facts of this investigation that satisfied the exhaustion requirement.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*